The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson, and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to the provisions of the North Carolina Workers' Compensation Act.
2. At such time an employment relationship existed between plaintiff-employee and defendant-employer.
3. Riscorp of North Carolina was the carrier at risk at the relevant time.
4. On February 14, 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
5. Plaintiff's average weekly wage was $360.00, yielding a compensation rate of $240.01.
6. A January 21, 1996 letter from plaintiff to the Industrial Commission is admitted as Stipulated Exhibit #1.
7. A March 28, 1996 letter from defendant-employer to counsel for defendant is admitted as Stipulated Exhibit #2.
8. A payment history of plaintiff's benefit is admitted as Stipulated Exhibit #3.
9. An August 18, 1994 letter from defendant-employer to Mark Jackson at Riscorp is admitted as Stipulated Exhibit #4.
10. Twenty-four pages of Industrial Commission documents is admitted as Stipulated Exhibit #5. This includes the September 1, 1994 Agreement of Final Settlement executed by the parties and an Order Approving the Compromise Agreement by Nick P. Davis, Executive Secretary, filed September 23, 1994.
11. Plaintiff's medical records are admitted as Stipulated Exhibit #6.
12. The issue for determination is plaintiff's motion to set aside the September 1, 1994 Settlement Agreement and Order Approving Compromise Settlement, approved by the Industrial Commission September 23, 1994, on the basis of misrepresentation, pursuant to the provisions of N.C. Gen. Stat. § 97-17.
******************
RULINGS ON EVIDENTIARY MATTERS
Defendant's Motion in Limine made at the beginning of the hearing with regard to limiting medical records of plaintiff to on or before the date of the Order Approving the Compromise Settlement was granted at the close of the hearing.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff sustained a compensable injury by accident to his back on February 14, 1994 arising out of and in the course of his employment with defendant-employer.
2. The parties entered into a Form 21 Agreement for compensation dated March 25, 1994, which was subsequently approved by the North Carolina Industrial Commission on August 4, 1994.
3. Plaintiff's average weekly wage on February 14, 1994 was $360.00, resulting in a compensation rate of $240.01. Plaintiff received temporary total disability payments from February 18, 1994 through August 14, 1994.
4. Plaintiff underwent treatment by Dr. Daniel Miller, who released plaintiff to return to full duty on August 10, 1994.
5. Defendant's Form 24 Application to Terminate Benefits on August 18, 1994, was subsequently approved September 6, 1994.
6. On August 24, 1994, Dr. Miller rated plaintiff with a twenty percent (20%) permanent partial disability to the back. Plaintiff had previously received a twelve percent (12%) permanent partial disability to his back for a prior workers' compensation injury. Plaintiff previously received all workers compensation benefits for the twelve percent (12%) permanent partial rating.
7. As a result of plaintiff's February 14, 1994 compensable injury, plaintiff was entitled to an eight percent (8%) permanent partial disability rating.
8. Plaintiff seeks to set aside the Settlement Agreement based on defendant-carrier's alleged misrepresentation. Plaintiff alleges that Mark Jackson, Senior Claims Adjuster with Riscorp, the carrier-defendant, misrepresented plaintiff's options with regard to his rating.
9. Mark Jackson in fact offered plaintiff the option of receiving his rating on a weekly basis pursuant to a Form 26 Agreement or entering into Clincher Agreement for a total sum greater than the rating plaintiff was entitled to receive.
10. Plaintiff attempted to negotiate the settlement at a higher rate with Mr. Jackson than Mr. Jackson offered. Mr. Jackson explained $7,000.00 was the top offer. Mr. Jackson did agree to advance plaintiff $1,500.00 while waiting for Industrial Commission approval. Plaintiff talked it over with his wife and called Mr. Jackson back and accepted the settlement offer.
11. Plaintiff and his family were experiencing financial problems during August, 1994, and needed the lump sum of money offered by Riscorp.
12. Plaintiff read and signed the Compromise Agreement between Riscorp and himself. Plaintiff understood at the time he signed the agreement, that this was a full and final settlement, and this closed his workers' compensation claim.
13. Plaintiff had two previous workers' compensation claims and was familiar with a payment of a rating.
14. There was no error due to misrepresentation by the defendants which enticed plaintiff to sign the Compromise Settlement Agreement, approved by the Industrial Commission on September 23, 1994.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Agreement for payment of compensation when approved by the Industrial Commission is binding on the parties as an Order, Decision, or Award of the Commission unappealed from, or from an Award of the Commission affirmed on appeal. Pruitt v. KnightPublishing Company, 289 N.C. 254, 221 S.E.2d 355 (1976).
2. An agreement between the employee and the workers' compensation carrier may be set aside when there has been error due to fraud, misrepresentation, undue influence or mutual mistake. N.C. Gen. Stat. § 97-17.
3. Misrepresentation is an untrue statement of fact; an incorrect or false representation; a false statement of a substantive fact made with the intent to deceive or mislead. SeeBlack's Law Dictionary, 5th Edition.
4. Since the Commission is not satisfied that there was error due to fraud, misrepresentation, undue influence, or mutual mistake, the Commission will not set aside such agreement, and the parties are bound by their agreement. N.C. Gen. Stat. § 97-17.
******************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
AWARD
1. Under the law, plaintiff's motion to set aside the Order Approving the Compromise Settlement Agreement, approved September 23, 1994 on the basis of misrepresentation must be, and the same is hereby DENIED.
2. Defendants shall bear the costs.
 S/ ______________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
CONCURRING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER
S/ ______________________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
PAH:dpd